IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Carolyn Schlatter, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   10 C 3972 |
| | ) | |
| Capital Management Services, LP, a Delaware limited partnership, LVNV Funding, LLC, a Delaware limited liability company and Resurgent Capital Services, L.P., a Delaware limited partnership, | ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Carolyn Schlatter, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) parts of the acts and transactions occurred here; and, b) Defendants reside and transact business here.

## PARTIES

3. Plaintiff, Carolyn Schlatter ("Schlatter"), is a citizen of the State of Kentucky, from whom Defendants attempted to collect a delinquent consumer debt owed for a Washington Mutual credit card ("WaMu"), which was then allegedly owed to

a bad debt buyer, "Resurgent Capital Services" and/or "LVNV Funding", despite the fact that she was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

    4.    Defendant, Capital Management Services, L.P. ("CMS"), is a Delaware limited partnership that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. In fact, Defendant CMS was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

    5.    Defendant, LVNV Funding, LLC ("LVNV"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. In fact, Defendant LVNV was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

    6.    Defendant, Resurgent Capital Services, L.P. ("Resurgent"), is a Delaware limited partnership that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. In fact, Defendant Resurgent was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

7. Defendants LVNV and Resurgent are sister corporations. Defendant LVNV is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar. Defendant Resurgent manages collections of the portfolios of debts that LVNV buys.

8. Defendants CMS, LVNV and Resurgent are all licensed to conduct business in the State of Illinois and maintain registered agents within the State of Illinois, see, records from the Illinois Secretary of State, attached as Group Exhibit A. In fact, all three Defendants conduct business in Illinois.

9. Defendants CMS, LVNV and Resurgent are all licensed as debt collection agencies in the State of Illinois, see, records from the Illinois Division of Professional Regulation attached as Group Exhibit B. In fact, all three Defendants act as debt collection agencies in Illinois.

## FACTUAL ALLEGATIONS

10. Ms. Schlatter is a disabled woman, with limited assets and income, who fell behind on paying her bills, including a debt she owed originally for a WaMu account. At some point in time, Defendant LVNV bought Ms. Schlatter's WaMu debt after she defaulted on it, and when Defendants LVNV and Resurgent began trying to collect the WaMu debt from her, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendants LVNV's and Resurgent's collection actions.

11. When Defendants LVNV and Resurgent hired another debt collection agency, Mercantile Adjustment Bureau, to demand payment of the WaMu debt, one of Ms. Schlatter's attorneys at LASPD informed Defendants, through their agent,

Mercantile, on February 10, 2010, that Ms. Schlatter was represented by counsel, and directed them to cease contacting her, and to cease all further collection activities because Ms. Schlatter was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit C.

12. Nonetheless, Defendants LVNV and Resurgent hired another debt collection agency, Defendant CMS, to demand payment of the WaMu debt and on March 13, 2010, Defendants sent Ms. Schlatter an initial form collection letter demanding payment of the WaMu debt. This letter stated that the "Current Creditor" was "RESURGENT CAPITAL SERVICES" and that Resurgent had hired CMS to demand payment of the WaMu debt from Ms. Schlatter. A copy of this collection letter is attached as Exhibit D.

13. On April 3, 2010, Ms. Schlatter's attorneys at LASPD again informed Defendants that Ms. Schlatter was represented by counsel and that they had to cease communications and to cease collections. Copies of this letter and fax confirmation are attached as Exhibit E.

14. In fact, although Resurgent may have been supervising collections for LVNV, Resurgent was not the current creditor.

15. Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

16. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

17. Plaintiff adopts and realleges ¶¶ 1-16.

18. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

19. Here, the letter from Ms. Schlatter's agent, LASPD, told Defendants to cease communications and to cease collections. By continuing to communicate regarding this debt and demanding payment, Defendants violated § 1692c(c) of the FDCPA.

20. Defendants' violations of § 1692c(c) of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

21. Plaintiff adopts and realleges ¶¶ 1-16.

22. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

23. Defendants knew, or readily could have known, that Ms. Schlatter was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendants, in writing, through their agents, that Ms. Schlatter was

represented by counsel, and had directed a cessation of communications with Ms. Schlatter. By sending a collection letter to Ms. Schlatter, despite being advised that she was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

24. Defendants' violations of § 1692c(a)(2) of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### COUNT III
### Violation Of § 1692g(a)(2)
### Failure To Effectively Identify The Creditor

25. Plaintiff adopts and realleges ¶¶ 1-16.

26. Section 1692g of the FDCPA requires that, within 5 days of a debt collector's first communication to a consumer, the debt collector must provide the consumer with an effective validation notice, containing, among other disclosures, "(2) the name of the creditor to whom the debt is owed;", see, 15 U.S.C. § 1692g(a)(2).

27. Defendants' form collection letter (Exhibit D) fails to correctly state the name of the current creditor. Accordingly, Defendants' March 13, 2010 letter (Exhibit D) fails to advise Ms. Schlatter effectively of the name of current creditor, in violation of § 1692g(a)(2) of the FDCPA.

28. Defendants' violation of § 1692g of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### COUNT IV
### Violation Of § 1692e Of The FDCPA -
### Making A False Statement

29. Plaintiff adopts and realleges ¶¶ 1-16.

30. Section 1692e of the FDCPA prohibits Defendants from making any false, deceptive or misleading statements in connection with the collection of any debt, see, 15 U.S.C. § 1692e.

31. Defendants' form collection letter (Exhibit D) falsely stated that Resurgent Capital Services was the name of the current creditor, when, in fact, it was not. Defendants have, therefore, made a false, deceptive or misleading statement, in violation of § 1692e of the FDCPA.

32. Defendants' violation of § 1692e of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Carolyn Schlatter, prays that this Court:

1. Find that Defendants' debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Carolyn Schlatter, and against Defendants, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Carolyn Schlatter, demands trial by jury.

                Carolyn Schlatter,

                By: /s/ David J. Philipps
                One of Plaintiff's Attorneys

Dated: June 25, 2010

7

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com